FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FEB -1 PH 1:47

U.S. DIST...
N.D. OF ALABAMA

ROBERT L. DAWSON III, et al.,       )
                                    )
        Plaintiffs,                 )
                                    )
vs.                                 )          No.   CV 98-J-542-S
                                    )
UNITED COMPANIES LENDING CORP.,)
                                    )
        Defendant.                  )

ENTERED

FEB 0 1 1999

## MEMORANDUM OPINION

This cause comes before this court on Plaintiff's motion to remand (doc. 4).

## I.    Relevant Facts

This is a putative class action suit originally filed in the Circuit Court of Jefferson

County, Alabama. The named Plaintiffs had home mortgages through Defendant. Each

month that a mortgagor's payment was not on time, Defendant assessed the customer a

"property inspection fee." The apparent purpose of said fees was to pay for an inspection

to assure Defendant that the property in which it held a security interest was intact. This

fee was charged regardless of whether or not the mortgage was in default due to the

lateness of the payment. Allegedly, Defendant rarely, if ever, performed many of the

inspections for which it received fees. Plaintiffs also contend that the inspections, and

therefore the fees, were not necessary to protect Defendant's security interest. Plaintiffs

sue for suppression, theft by deception, and unjust enrichment.

10

The original complaint in this action explicitly claimed compensatory damages of $74,000, sought "other injunctive relief as may be appropriate," and waived punitive damages and any claim for damages exceeding $75,000. No mention of attorneys' fees was made in the original complaint.

There are no controversies in this case arising under the laws or Constitution of the United States. 28 U.S.C. § 1331. There is no dispute that the parties are completely diverse as required by 28 U.S.C. § 1332 and *Strawbridge v. Curtiss,* 7 U.S. 267 (1806). Thus, the question of whether this court has jurisdiction to hear this case turns on whether the value of the controversy in this lawsuit exceeds $75,000, the jurisdictional amount for diversity jurisdiction under 28 U.S.C. § 1332.

Defendant argues that the claims could be worth more than $75,000. Specifically, Defendant argues that (1) the two named Plaintiffs do not have a right to limit compensatory damages or waive punitive damages on behalf of the class; (2) The injunctive relief Plaintiffs seek will necessarily exceed $75,000 in value; (3) the potential recovery for "unjust enrichment" claims should be aggregated to determine the jurisdictional amount; and (4) attorneys' fees in a class action will surely exceed $75,000 and are due to be aggregated for purposes of the jurisdictional amount.

## II.    Discussion

### A.    *Standard of Review*

"Federal courts are courts of limited jurisdiction. They possess only that power

2

authorized by Constitution and statute, which is not to be expanded by judicial decree. It

is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*

*Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)

(citations omitted). "While a defendant does have a right, given by statute, to remove in

certain situations,.... Defendant's right to remove and plaintiff's right to choose his forum

are not on equal footing...." *Burns v. Windsor Insurance,* 31 F.3d 1092, 1095 (11th Cir.

1994) (citations omitted). In the Eleventh Circuit, uncertainties regarding jurisdiction

"are resolved in favor of remand". *Id.*

Federal jurisdiction exists when the parties are diverse and the amount in

controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. When

the Plaintiff specifically claims damages less than this jurisdictional amount,

"[D]efendant must prove to a legal certainty that [P]laintiff's claim must exceed

[$75,000]. This strict standard is consistent with case law and congress' policy of

limiting federal diversity jurisdiction." *Burns* at 1095-1096 (emphasis added). "This

burden reflects the notion that the plaintiff has the right to choose his or her own forum,

for 'plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than

the jurisdictional amount, only the sum actually demanded is in controversy.'" *Crawford*

*v. American Bankers Ins. Co. of Fla.*, 987 F. Supp. 1408, 1410 (M.D. Ala. 1997) (quoting

Charles A. Wright, Arthur R Miller & Edward H. Cooper, 14A Federal Practice &

3

Procedure § 3702). Adopting this standard does not mean that a defendant can never remove a case where the complaint specifically pleads for damages less than the jurisdictional amount. *Burns* at 1096. In such an instance, a "defendant could remain in federal court if he showed that, if the plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]. The standard is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." *Id.*

B.    *Named Plaintiffs' limitation of compensatory damages and waiver of punitive damages on behalf of putative class*

Defendant argues that the named plaintiffs do not have the right to limit compensatory damages claims and waive punitive damages claims on behalf of the putative class members. Neither party cites Eleventh Circuit law on this issue. Defendant relies upon three unpublished cases, two by a Judge of this district and one by a Judge in the Southern District of Alabama. *See Reeves v. Discover Card Services, Inc.*, 1994 WL 803274 (N.D. Ala. 1994); *Calloway v. Baker Furniture Company, et al.*, 1995 WL 912708 (N.D. Ala. 1995); *Seale v. Nissan Motor Acceptance Corp.*, 1996 WL 539899 (S.D. Ala. 1996). However, at least one Judge in the Middle District of Alabama disagrees. *Crawford v. American Bankers Ins. Co. of Fla.*, 987 F. Supp. 1408 (M.D. Ala. 1997). Despite the points raised by Defendant, this court finds the issue to be a rather simple one.

4

In a putative (*i.e.,* un-certified) class action, there exist no class members for the named Plaintiffs to bind with their limitation/waiver of damages. Any waiver at this point only applies to the named plaintiffs. Any interpretation of such language beyond this point presumes that the class will be certified, a fact uncertain at best. Should the class subsequently be certified, the class members shall be given the opportunity to opt out of the suit if they do not wish to be bound by its outcome. Fed. R. Civ. P. 23(c)(2); Ala. R. Civ. P. 23(c)(2). Thus, there is no genuine threat that potential class members will unwillingly suffer the *res judicata* effect of the limitation/waiver articulated in the complaint. There is no reason for this limitation/waiver of damages to affect a computation of the jurisdictional amount.

C.     *Valuation of injunctive relief*

Plaintiffs plead for "such other injunctive relief as may be appropriate." Defendant argues that the value of a potential injunction should be assessed in determining whether the amount in controversy exceeds the jurisdictional requirement. The Eleventh Circuit clearly requires this court to value the injunction following the "plaintiff-viewpoint rule." *Ericcson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 220 (11th Cir. 1997). In *Ericcson*, the court did a thorough analysis of precedent arriving at the conclusion that, "In our view, these cases firmly establish that this circuit has adopted the plaintiff-viewpoint rule." *Id.* at 219.

The other aspect of valuing a potential injunction is the decision whether to aggregate injunction's worth to all plaintiffs or to look at the value to each individual plaintiff.  Defendant argues that this court should find that this injunction "seeks to enforce one common right held collectively by all plaintiffs [requiring] ... the court ... [to] look[] to the full value of the injunction." *Shelly v. Southern Bell Tel. & Tel.*, 873 F. Supp. 613, 616 (M.D. Ala. 1995) (citations omitted).  This court disagrees.  Rather, the injunction sought in the case at bar involves "claims [which] are essentially individual and discrete, [and] the injunction must be looked at as it applies to each plaintiff." *Ibid.*

The instant case is analogous to *Shelly v. Southern Bell Tel. & Tel.*, 873 F. Supp. 613 (M.D. Ala. 1995).  *Shelly* concerned charges for telephone use by prisoners. Prisoners were allowed to make telephone calls on designated telephones which charged a $1.50 connection fee per call in addition to any charges for long distance or other services.  The lines for these telephones were designed to disconnect after 15 minutes. Thus, if a prisoner wanted to talk longer than 15 minutes, he had to pay the $1.50 connection fee multiple times.  The prisoners sought refunds of the amounts they had paid by having to re-dial every 15 minutes.  They also sought an injunction that would prevent the phone company from charging this way in the future.  In *Shelly*, the court found that the injunction would have an individual value to each plaintiff.  This amount could be computed by multiplying $1.50 by the number of times the prisoner would have had to redial in the absence of the injunction.  While the number of re-dials prevented was

6

unknown, the *Shelly* court found it outside the realm of reason that the number would be high enough to render the value of the injunction in excess of the jurisdictional amount for each plaintiff.

The case at bar alleges that Plaintiffs mortgaged their property to Defendant. From the record, it appears that the Plaintiffs seek an injunction to prevent the Defendant from continuing to assess paying property inspection fees against them. Such an injunction, if entered, would have an individual value to each Plaintiff. Said value could be computed by multiplying the amount of the inspection fee by the number of times the Plaintiff would have had to pay the fee in the absence of the injunction. Just as in *Shelly*, the number of fees that may be prevented is unknown. However, it is unlikely (as in *Shelly*) that the number would be high enough to render the value of the injunction in excess of the jurisdictional amount for each plaintiff.

D.    *Aggregation of potential damages for "unjust enrichment"*

No case has been presented to this court directly on point for this issue. This court has seen no Alabama Supreme Court, Alabama Court of Civil Appeals, or Eleventh Circuit case holding that restitution is aggregable under Alabama law. Thus, this court must look to established principles of law in this Circuit. Where the complaint contains a specific claim for damages, the Eleventh Circuit has concluded "that, to avoid a remand, defendant must prove to a legal certainty that plaintiff's .... claim must exceed [$75,000]". *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis

added). The complaint in this case is very specific in its plea for damages. Thus, the

*Burns* standard of proof applies. In the absence of case law requiring this court to

aggregate potential damages for "unjust enrichment," Defendant has failed to meet the

burden established in *Burns*. Thus, the potential damages for unjust enrichment shall not

be considered in assessing the value of the complaint for purposes of the jurisdictional

amount.

     E.    *Aggregation of potential attorneys' fees*

Defendant further argues that the potential recovery of attorneys' fees can be

aggregated to determine the amount in controversy. However, in this case, there has been

no plea for attorneys' fees. In this instance, the court has no knowledge of the fee

arrangement between Plaintiffs and their counsel. If Plaintiffs' counsel have agreed to

accept a portion of any recovery the Plaintiffs' may have, attorneys' fees will come from

the plaintiffs' recoveries and, therefore, cannot be added to the amount in controversy

because any fees will come from the Plaintiffs themselves and not the Defendants. If

Plaintiffs are paying their attorneys a fee, said fee is not coming from any potential

recovery or from Defendants. Thus, this court finds that the pleadings pending in this

case are distinguishable from the current divide of the other Judges of the Northern

District of Alabama.

The case at bar is unlike *Nelson v. Carnival Cruise Lines, Inc.*, CV 97-P-2513-W

at 3 (N.D. Ala. March 9, 1998) (holding that "the analysis in *Tapscott [v. MS Dealer*

*Service Corp.*, 77 F.3d 1353 (11ᵗʰ Cir. 1996)] is equally applicable to attorneys' fees

awards in class and multiple plaintiff actions") and *Culverson v. General Motors*

*Acceptance Corp.*, CV 96-B-3331-J at 4 (N.D. Ala. Sept. 30, 1997)(holding that "an

award of attorney fees in the present case would advance a 'common good'" (emphasis

added)). Here, the plaintiffs have not requested attorney fees; and, thus, the court cannot

attribute any dollar amount that may add to the amount in controversy. This court also

notes that *Nelson* has since been dismissed on a different basis and *Culverson* has been

stayed pending and appeal on this issue.[1]  Furthermore, other courts in this district have

reached the opposite conclusion. See *Campbell v. GM*, 1998 WL 637334 at 28-29 (N.D.

Ala. Sept. 8, 1998)("this court has previously rejected the reasoning in *Culverson* .... The

Court continues to hold to that reasoning here .... A fee taken from the common-fund of

class recovery is not a separate and distinct form of relief .... It is the plaintiff class ... that

pays the common fund attorneys' fee. Because the defendant does not pay the fee, it is

not part of the "'controversy'...").

## III.  Conclusion

Plaintiffs' complaint specifically waives any claim for damages over $75,000. The

Eleventh Circuit has been clear. [P]laintiff's claim, when it is specific and in a pleading

---

[1]This case is stayed pending the outcome of the appeal in *Davis v. Direct Merchant's*, CV 98-N-1060-W, (N.D. Ala. June 23, 1998) which held similarly to *Campbell v. G.M., infra*. That case in turn relied on *Horton v. Alliance Mortgage*, CV 98-AR-581-S (N.D. ALA. Apr. 28, 1998).

signed by a lawyer, deserves deference and a presumption of truth. "We will not assume -- unless given reason to do so -- that [P]laintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns* at 1095. In order for the Defendant to properly remove this action to federal court, it must show that, "if plaintiff[s] prevail[] on liability, an award below the jurisdictional amount would be outside the range of permissible awards." *Id.* at 1096. Defendant has failed to meet this stiff burden.

For the forgoing reasons, this court **FINDS** that the above-entitled action was improvidently removed and that this court is without jurisdiction.

It is therefore **ORDERED** that plaintiff's motion to remand (doc. 4) be and hereby is **GRANTED** consistent with the separate order this day entered.

DONE and ORDERED this the __/__ day of February, 1999.

Inge P. Johnson
United States District Judge

10